# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 CR 463 - 1 | **DATE** | 10/17/2001 |
| **CASE TITLE** | U.S.A. vs. NZEKWE, etc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to quash arrest and suppress evidence [24-1,24-2] is denied. Enter Opinion ruling on motion doc. no. 24.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 4 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 24 2001 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 10/19/2001 | |
| JHC | courtroom deputy's initials | 01 OCT 22 AM 11:12 Date/time received in central Clerk's Office | date mailed notice JHC mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 01CR 463 |
| ) | |
| CHUKWUEMEKA NZEKWE, also ) | |
| known as "Michael" ) | |
| ) | JUDGE WILLIAM J. HIBBLER |
| ) | |
| Defendant. ) | |

MOTION TO QUASH ARREST AND SUPPRESS EVIDENCE
(RULING)

DOCKETED OCT 2 4 2001

Defendant, Chukwuemeka Nzekwe, moves this Court to quash his arrest and to suppress evidence which the government seeks to use against him in its prosecution of this case.

The facts underlying the arrest of the defendant are simple and not disputed. Defendant was arrested on May 15, 2001 in the vicinity of 6029 North Winthrop. Subsequent to defendant's arrest, agents secured information from him which resulted in the issuance of a search warrant for his residence which resulted in the discovery of other evidence which the government seeks to use and the defendant seeks to exclude based upon the illegality of defendant's arrest.

On May 10, 2001 special agents in the United States Secret Service Chicago Office learned of a possible credit card scam involving computer equipment. Details of the scam came from agents in the Charleston Office as well as an employee of Software-Computer Group, the company victimized by the scam. The information provided established that a person using the name John Butler indicated he was associated with a firm in Scotland called Signature Technologies.

1

29

He placed four orders for computer processor chips from Software - Computer and provided a total of 21 Visa credit card numbers allegedly issued by Alliance and Luicester Bank, Liverpool, UK. Butler told the company to charge his orders to their cards. Investigation revealed that neither John Butler nor Signature Technologies were authorized users of any of the 21 account numbers provided.

The first of orders was to be shipped to an Ohio address, but John Butler switched the delivery location to 1620 Washington Street in Evanston which is where delivery was made. The second delivery was to be made to a New York address but delivery was declined. Butler then told the company to make this delivery to Iyke Edzgver at 6029 N. Winthrop; apartment 301. This delivery was made and signed for. The third order was made to the same address and signed for. Each order was delivered by Federal Express and the total of these deliveries involved approximately $45,000 worth of computer parts.

Upon receipt of Butler's fourth order on May 10, 2001 the company alerted the Secret Service. The fourth order again was for delivery to the 6029 N. Winthrop address and was for approximately $18,000 in computer parts.

Armed with the above information, agents attempted a controlled delivery of the fourth order on May 14, 2001 at about 9:00 a.m., when the agent arrived at apartment 301 at 6029 N. Winthrop with the package. The occupant of the apartment, Ivan Edzgverdze, declined delivery while indicating he never ordered computer equipment. Further investigation including signature comparisons eliminated the recipient as a suspect in the scheme. Agents concluded that the deliveries were not being received by the addressee, but were being intercepted by persons involved in the scam near or outside of the premises.

At the direction of the agents, the company contacted John Butler on May 14, 2001 and advised him that delivery was refused on that date. Butler requested that the delivery should be made to the same address on the next day.

While on surveillance in the area of 6029 N. Winthrop on May 15, 2001, agents saw the defendant at about 7:45 a.m. sitting in a vehicle directly outside of the 6029 address. Defendant went into the lobby of the building, but returned to his auto within a minute and remained within the auto. Shortly after 9:00 a.m. an agent in an unmarked van posing as a Federal Express delivery person arrived on the scene and entered 6029 with a package. Defendant remained in his vehicle. The agent returned to the vehicle with the undelivered package and left the area.

Shortly after the agent left the area, a genuine Federal Express vehicle arrived and stopped several houses from the 6029 address. The defendant exited his vehicle and ran towards the truck. The defendant was heard to ask the driver if he had a package for 6029. The defendant also indicated to the driver that he was Iyke. The driver said the package had been removed from his truck and the defendant left. Agents arrested the defendant shortly thereafter.

A warrantless arrest must be supported by probable cause to withstand challenge. Probable cause to arrest exists when officers have knowledge of sufficient facts and circumstances to reasonably believe that the arrestee had or was committing a crime. United States v. Colonia, 870 F. 2d 1319 (7th Cir. 1989) Probable cause is established if the known facts are sufficient to warrant a person of reasonable caution to believe that the arrestee is involved in an offense that has been or is being committed.

Based upon the facts known to the agents and the actions of the defendant while being surveilled on May 15, 2001 this Court finds that the arrest of the defendant was supported by probable cause. The agents were justified in their conclusion that the scheme involving intercepting the deliveries outside of the address of delivery. When defendant ran to the Federal Express driver some distance from the 6029 address and not only inquired about a delivery to that address, but also indicated that he was Iyke, the named recipient of the delivery, the agents had more than enough to believe the defendant was involved in the commission of an offense. The defendant's motion to quash his arrest is therefore **DENIED**.

In that, the defendant moves to suppress evidence seized subsequent to his arrest based upon the illegality of his arrest, this Court having found probable cause for the arrest of the defendant also denies defendant's motion to suppress evidence.

DATED: 10/17/01

WILLIAM J. HIBBLER, District Judge